KLATE HOLT COMPANY, ET AL.

v.

RITA FAY HOLT

Record No. 840515

Decided June 14, 1985, at Richmond

Present: All the Justices

*Forest A. Nester (Seawell, Dalton, Hughes & Timms*, on briefs), for appellants.

*Stuart A. Saunders; Saunders & Rogers*, on brief), for appellee. Appellee submitting on brief.

COMPTON, J., delivered the opinion of the Court.

Under § 65.1-63 of the Virginia Workers' Compensation Act, when an injured employee refuses employment procured suitable to the employee's capacity, the employee will not be entitled to any compensation during the continuance of such refusal, unless the Industrial Commission determines such refusal was justified. In *Talley* v. *Goodwin Bros. Lumber Co.*, 224 Va. 48, 52, 294 S.E.2d 818, 820 (1982), we said that when the employer invokes the bar of the statute and establishes that a job offer has been tendered within the residual capacity of the injured employee, the burden of persuasion then shifts to the employee to show justification for refusing the offer of modified work.

In November 1981, appellee Rita Fay Holt, age 23, sustained a compensable back injury in an industrial accident while employed at Langley Field by appellant Klate Holt Company as a messenger and mail clerk. The present proceeding stems from a May 1983 application filed by appellant insurance carrier alleging a failure and unjustified refusal by the employee to accept selective light-duty employment approved by her physician as being within her physical capacity. Following a hearing, a deputy commissioner found that the employee was justified in refusing the tendered employment and denied the insurer's application. Upon review, the full Commission, one commissioner dissenting, decided the deputy commissioner's findings of fact and conclusions of law were cor-

rect. The employer and insurer jointly appeal from dismissal of the application.

There is no dispute that the employee is permanently disabled from returning to her pre-injury work; her physician has restricted her from lifting more than 20 pounds. Likewise, there is no dispute that her physician has approved, as suitable to her physical capacity, light-duty employment procured for her by the insurer. The question on appeal is whether the Commission erred in concluding that the employee established justification for her refusal of selective employment.

The record shows that in July 1982 the insurer asked a company providing vocational placement services to assist in rehabilitation of the employee. From September 1982 to January 1983, the employee performed selective employment for Klate Holt Company as a "voucher aide," temporarily substituting for another employee. Upon termination of this period of employment, the vocational services firm resumed efforts to procure work for the employee. The firm scheduled a job interview for the employee, with a Newport News company, to be conducted in May 1983 for a secretarial position. The employee cancelled the appointment because of illness and apparently failed to seek another appointment. However, there was no evidence that the employee possessed the typing skills necessary to perform that job.

Later in May, the employee was offered both part-time and full-time employment as a security guard in the Peninsula area, where she had worked for Klate Holt. The jobs involved examining identification badges of plant workers and did not require the employee to carry a firearm. She refused both offers. According to testimony of the placement counselor, the employee gave three reasons for her refusal: her union informed her that she had a right to a job with Klate Holt, she had been offered employment at a convenience store, and she did not own a motor vehicle to provide transportation to the job assignments. The counselor testified, however, that the employee advised her that even if transportation was "no problem" she would not accept the security positions. At the hearing, the employee did not dispute the counselor's testimony but added that she was unable to secure the job at the convenience store because the 20-pound lifting restriction prevented her from "stocking the shelves."

The Commission decided the employee was justified in refusing the offers of both the secretarial position and the security guard

positions. We will address only the latter ruling because we conclude the Commission erred in that phase of the case.

The Commission's basis for finding justified refusal of the security guard jobs was that the employee did not "have her own transportation," and, further, that no "arrangements had been made by the employer or the insurance carrier to provide claimant with transportation adequate to meet the job requirements." The evidence showed that the security company required employees to provide their own means of travelling to and from job assignments.

The Commission's decision based on the transportation issue was incorrect. The employee's outright refusal to accept the security guard job offers rendered consideration of the transportation aspect of the employment irrelevant. By unconditional rejection of the offers, the employee demonstrated an unwillingness to accept employment within her residual capacity. Her unilateral action thwarted any further efforts by the insurer to assist her in solving her transportation dilemma. For example, the counselor may have been able to help the employee plan her travel to job sites via public transportation. In addition, and contrary to the Commission's implication in the second prong of its reasoning, the Workers' Compensation Act does not require employers to provide employees with transportation to and from work under these circumstances.

Thus, we hold that the Commission's finding of justified refusal constituted an erroneous conclusion of law and that the employee failed to carry her burden of persuasion on that issue. Consequently, the award appealed from will be reversed and the case remanded with direction that the Commission enter an appropriate order consistent with the views expressed in this opinion granting the insurer's application.

*Reversed and remanded.*