CHAVIS TRANSFER, ET AL.

V.

HOPKINS DICKS, JR.

Record No. 840975

RUST ENGINEERING COMPANY, ET AL.

V.

DWIGHT E. SHELTON

Record No. 841037

DWIGHT E. SHELTON

V.

RUST ENGINEERING COMPANY, ET AL.

Record No. 841046

Decided June 14, 1985, at Richmond

Present: All the Justices

*Richard Cullen (McGuire, Woods & Battle*, on briefs), for appellants. (Record No. 840975.)

*Gerald G. Lutkenhaus (Central Virginia Legal Aid Society, Inc.*, on brief), for appellee. (Record No. 840975.)

*John M. Oakey, Jr. (McGuire, Woods & Battle*, on briefs), for appellants. (Record No. 841037.)

*P. Dawn Bishop* for appellee. (Record No. 841037.)

*P. Dawn Bishop* for appellant. (Record No. 841046.)

*John M. Oakey, Jr. (McGuire, Woods & Battle*, on brief), for appellees. (Record No. 841046.)

COMPTON, J., delivered the opinion of the Court.

In this opinion, we discuss three workers' compensation appeals resulting from separate industrial accidents involving two different claimants. The issues stem from the Industrial Commission's application of Code § 65.1-63, relating to selective employment of disabled workers.[1]

That statute is the focus of another case decided today. In *Klate Holt Co. v. Holt*, 229 Va. 544, 547, 331 S.E.2d 446, 448 (1985), we determined the Commission erred in holding that an employee was justified in refusing offers of selective employment. In the present cases, we deal with the validity and effect of a waiting period fashioned by the Commission in the course of its application of § 65.1-63 to the instant claims.

### The Claim of Hopkins Dicks, Jr.

Appellee Dicks sustained a compensable back injury in a 1979 industrial accident while employed by appellant Chavis Transfer. Dicks' compensation has been suspended a number of times by the Commission. In 1980, his compensation was suspended for his un-

---

[1] Code § 65.1-63 provides:

"If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified."

justified failure to keep scheduled medical appointments. In 1981, the compensation payments were reinstated. Later in 1981, compensation was terminated because the employee was physically able to return to work. In 1982, compensation was reinstated. In 1983, compensation was suspended for Dicks' failure, without justification, to keep medical appointments. Later in 1983, compensation was reinstated.

On January 24, 1984, in a separate action preceding the present case, the Commission suspended Dicks' compensation for his unjustified failure to keep interviews for prospective selective employment. The ruling was made on appellant insurance carrier's application alleging a change in condition under Code § 65.1-8.[2]

The employee did not seek review of that decision. Instead, Dicks filed the present proceeding three days after that award. In his application for reinstatement of compensation, Dicks alleged a change in condition as defined in § 65.1-8 and asserted he was willing to keep any and all job interviews arranged for prospective, selective work suitable to his capacity. During a subsequent hearing, the employee stated he was willing to keep appointments for job interviews scheduled by a rehabilitation specialist retained by the employer's insurer. The specialist testified that he had been searching unsuccessfully for employment for Dicks within his capacity. He state that jobs offering light duty for this particular employee were "tough to find."

The hearing commissioner considered the case as falling within the last clause of § 65.1-63, note 1 *supra*, requiring termination of compensation unless refusal of employment procured suitable to the employee's capacity was justified. Noting that the case dealt with job interviews instead of offers of selective work, the deputy commissioner felt the statute afforded the claimant the opportunity to cure his refusal to the satisfaction of the Commission so his compensation would not remain suspended indefinitely. Thus, the deputy, finding that "the evidence does not preponderate in proving a change in condition at this juncture," ordered Dicks' compensation to remain suspended for a six-week period "to afford the employer and/or its insurer an opportunity to secure and offer the

---

[2] Code § 65.1-8 provides:

"Change in condition as used in this Act means a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded or terminated which would affect the right to, amount of, or duration of compensation."

claimant selective work suitable to his capacity or to arrange interviews for same."

Upon review, the full Commission agreed with the deputy commissioner. The Commission acknowledged that "on numerous occasions" it has "held that the refusal of the employee to cooperate in job interviews is tantamount to the refusal of selective employment." Nevertheless, the Commission reasoned that because Dicks' compensation was terminated as the result of the January 1984 award, "there has been little inducement for the carrier to have their placement agency continue working with the employee" to procure selective employment. But, noting "the employee's past history of a refusal to cooperate with both medical treatment and placement efforts," the Commission agreed that compensation should not be reinstated until Dicks made "a good-faith effort" to cooperate. Thus, the Commission amended the deputy's award "to provide that the employee must be offered selective work within his capacity within sixty days from the date of [the Commission's] Opinion or compensation payments will be automatically resumed without further hearing unless other conditions justify a modification of this Order."

### The Claim of Dwight E. Shelton

Appellee Shelton sustained a compensable shoulder injury in a 1982 industrial accident while employed by appellant Rust Engineering Company. Susequently, the claimant was awarded compensation under Code § 65.1-56 for a fixed period based upon a ten per cent permanent partial loss of use of the left arm. Upon termination of those payments, Shelton applied in July 1983 for reinstatement of benefits for disability. Following a hearing, a deputy commissioner denied the application. The deputy found that Shelton, even if disabled, had failed to expend the necessary effort to improve his physical condition and that he had failed to accept offers of selective employment within his work capabilities under § 65.1-63. Upon review of that award in January 1984, the full Commission affirmed the deputy. The Commission agreed with the hearing commissioner that Shelton "had failed to cooperate with considerable effort to secure selective employment within his physical capabilities. . . ."

By letter dated February 1, 1984, counsel for Shelton wrote the insurer, with a copy to the Industrial Commission, stating that "unjustified refusal under § 65.1-63 can be cured and compensa-

tion reinstated when the claimant states his willingness to cooperate with rehabilitation." Counsel further stated: "I have talked with Mr. Shelton and he has agreed to cooperate to the fullest with rehabilitative efforts at this time. We request that compensation be reinstated as of this date."

One month later, Shelton filed the present proceeding, alleging a change in condition and seeking compensation for additional total work incapacity beginning in June 1983. Following a hearing, a deputy commissioner denied the application in April 1984. He found that Shelton had not proved any change in condition and stated there had been no change in Shelton's "attitude" since the last hearing in September 1983.

Upon review based on the record before the deputy, the full Commission reversed. The Commission found, in a June 1984 opinion, that Shelton was unable to return to his regular employment because of his injury. The Commission noted that no evidence was offered during the April 1984 hearing regarding contact between the employee and the employer, or the insurer, in an effort to pursue further selective employment opportunities. The Commission said: "The claimant did testify as to his own efforts in making applications for selective employment; however, his testimony in this regard was vague and not persuasive." The Commission then referred to counsel's letter of February 1, 1984 and stated that, following the January suspension of compensation, "the claimant, by counsel, then advised the employer that he was willing to cooperate, essentially curing his earlier refusal." The Commission concluded that the insurer "shall attempt to find appropriate selective employment for the claimant within sixty days from the date of this opinion." The Commission further ordered Shelton to cooperate with the placement efforts and decreed that, if the efforts proved unsuccessful, "compensation for temporary total disability shall be resumed at the expiration of the sixty-day period."

### The Validity of the Provision for a Waiting Period

There is no express statutory authority permitting the Commission, in effect, to make a prospective award under these circumstances. The Commission has required the employer or its insurer to resume payment of compensation in the event selective employment cannot be procured, in the face of positive evidence that the employee has unjustifiably refused previous offers of se-

lective employment or otherwise has failed to cooperate with the employer's rehabilitative efforts. Contrary to the employee's contention in the Dicks' claim, neither Code § 65.1-63, note 1 *supra*, nor Code § 65.1-88, dealing with the employer's duty to furnish medical attention and vocational rehabilitation, authorize the procedure adopted in these cases.

The device fashioned by the Commission effectively dilutes the burden the law places on the claimant, when seeking compensation, to prove that his present condition results from the industrial accident. The prospective ruling improperly predetermines that at the end of an arbitrary 60-day period in the future the employee will be entitled to a resumption of compensation payments. As the insurer in the Dicks' claim points out, under the applicable statutes an employee is either entitled to workers' compensation on the date of entry of an award or he is not.

Moreover, § 65.1-63 does not require that employers make selective employment available; it merely encourages employers to procure such work for partially incapacitated employees. *Big D Quality Homebuilders* v. *Hamilton*, 228 Va. 378, 381, 322 S.E.2d 839, 841 (1984). The Commission's waiting-period procedure, aimed at "inducing" the employer to act, forces the employer to attempt to procure selective employment, a duty not placed on the employer by statute.

### *Disposition of Dicks' Claim*

It will be recalled that the present proceeding stems from the employee's application for reinstatement of compensation alleging a change in condition because he was willing to report for job interviews. Noting the employee's past refusal to cooperate with both medical treatment and job placement, the Commission affirmed the deputy commissioner's opinion that no change in condition had been proved, and provided for the 60-day waiting period. Because we have invalidated the prospective nature of the Commission's decision, we will reverse the award. In addition, we will dismiss the employee's application, the Commission having found no change in condition had been established.

### *Disposition of Shelton's Claim*

The Commission found that Shelton's earlier refusal to cooperate, determined in January, had been cured by his attorney's Feb-

ruary letter, and fixed the 60-day waiting period within which selective employment was to be procured by the insurer. Apparently anticipating our decision on the central issue in this claim, Shelton agrees that the prospective nature of the award is invalid. Nevertheless, he contends that the Commission made a proper finding of fact that he had cured his refusal to cooperate and, in his cross-appeal, urges that the award be reversed and the Commission be ordered to reinstate his compensation effective February 1, 1984.

■ The employer and insurer (collectively, the insurer) do not dispute that the employee is disabled from performing his pre-injury work. Rather, the insurer contends that the evidence was insufficient to support the Commission's finding that the employee has remedied his refusal to cooperate. The insurer notes that the Commission found evidence offered at the hearing by the employee on that issue to be "vague and not persuasive." Thus, the insurer argues, the Commission erroneously considered counsel's February letter as evidence and improperly used that document as the sole basis for its finding of fact. We agree.

The letter was a mere statement of counsel that she had "talked with Mr. Shelton and he has agreed to cooperate to the fullest with rehabilitative efforts at this time." The letter spoke as of the day it was written and presumably was among the contents of the Commission file at the April 2 hearing. It was never offered in evidence by the employee nor was any testimony elicited about it on behalf of the employee. Shelton was not asked to confirm its contents during direct examination, furnishing no basis for cross-examination about it by the insurer. And one would not expect the insurer's attorney to disregard sensible trial tactics by offering the letter in evidence.

■ We recognize the Commission is not governed by common-law rules of evidence and that it has discretion to give probative weight to hearsay statements in arriving at its findings of fact. *Williams* v. *Fuqua*, 199 Va. 709, 714, 101 S.E.2d 562, 566 (1958) (Commission may consider unsworn statements of medical experts and extracts from medical journals). Nonetheless, we hold that a mere statement in letter form, placed in the Commission file and never formally offered in evidence, that a claimant "at this time" has agreed to cooperate with efforts at rehabilitation is not proper to be considered at another time, four months later, as substantive evidence of the facts stated in the letter. The letter was only a procedural allegation, or a statement of position, filed

on behalf of the employee. *Cf. James* v. *Arlington County Board*, 226 Va. 284, 289, 307 S.E.2d 900, 902-03 (1983) (in a procedural context, claimant held bound by a position he advanced in writing to the Commission with the assistance of counsel).

■ Accordingly, we will reverse the award, not only because it was prospective in nature but also because the evidence was insufficient as a matter of law to show that the employee had cured his failure to cooperate. This results in our dismissal of the employee's application for reinstatement of benefits.

It also results in a finding that the employee's cross-appeal has no merit. Thus, we will not order the Commission to reinstate Shelton's compensation effective February 1, 1984.

Finally, a second error assigned in the cross-appeal has been rendered moot. The employee complained that the Commission improperly considered medical information filed after the April 1984 hearing. The insurer does not rely on that information and agrees that it should not be considered on appeal.

For these reasons, we will reverse the awards in these two claims, dismiss the applications, and order reversals in the three appeals.

Record No. 840975—*Reversed and dismissed.*
Record No. 841037—*Reversed and dismissed.*
Record No. 841046—*Reversed.*