COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


PATRICK F. MORAN

v.         Record No. 2511-94-1              OPINION BY
                                        JUDGE NELSON T. OVERTON
R & W CONSTRUCTION, INC. AND                OCTOBER 24, 1995
 COMMERCIAL UNION INSURANCE CO.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                John H. Klein (Rutter & Montagna, on brief),
                for appellant.

                Ruth N. Carter (William B. Judkins; Midkiff &
                Hiner, P.C., on brief), for appellees.


     Patrick F. Moran appeals the decision of the Virginia

Workers' Compensation Commission denying benefits for a

compensable injury incurred while working for his employer, R & W

Construction, Inc.  Moran brings before the Court the question of

whether he is barred from receiving workers' compensation

benefits because his Navy duty requirements prevented him from

cooperating with job search efforts and vocational rehabilitation

and from working full-time in the selective employment procured

for him by his employer.  We find no bar to compensation benefits

for the reasons set forth below, and we therefore reverse the

decision of the commission.

     Moran, a member of the United States Navy on retirement

leave before his expected discharge after twenty years of

service, was employed as a laborer by R & W Construction, Inc.

Before his actual discharge from the Navy, he injured himself in

the course of his construction employment. After treating Moran at a Navy hospital, the Navy required Moran to return to active duty status until his full recovery from his injuries. Moran was given a "light duty" assignment requiring forty hours of work each week.

During this period of light duty, R & W Construction paid Moran disability benefits. In addition, R & W attempted to procure suitable employment for Moran. Because of Moran's obligations to the Navy, he could not attend many of the proposed sessions with the consultant who was helping him find selective employment. After Moran ultimately started working in selective employment, his Navy duties again prevented him from devoting all of his time to the job, and he worked only part-time.

These last two events compose the subject of the dispute. Employer contends that Moran did not cooperate in vocational rehabilitation and unjustifiably refused selective employment. Moran based his lack of cooperation and his refusal of employment not on any medical condition related to the injury, but instead relied on a job obligation to the Navy. Employer argues that Moran should be barred from receiving workers' compensation benefits. See Code § 65.2-510(A); James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (finding an employee's unjustified refusal to cooperate with placement efforts tantamount to refusal of selective employment); American Furniture Co. v. Doane, 230 Va. 39, 43, 334 S.E.2d 548, 550

(1985) (discharging employer from liability if employee refuses selective employment based on conditions unrelated to the original accident). Moran contends that his obligations to the Navy justify his actions. The outcome of this appeal turns on the sufficiency of Moran's justification.

The refusal to cooperate and to accept employment was justified in this case because (1) Moran possessed a condition that prevented him from fully cooperating and (2) the employer knew that Moran possessed this condition when he was hired. While active military service as an excuse may present an issue of first impression in Virginia, the existing body of law in this area supports this conclusion.

Moran unquestionably possessed a condition that prevented him from freely and completely cooperating with his employer. As a member of the United States Armed Forces, even on leave, Moran was obligated to obey its directives. See Hironimus v. Durant, 168 F.2d 288, 289-90 (4th Cir.) (discussing the status and obligations of a soldier on terminal leave), cert. denied, 335 U.S. 818 (1948). The opinion of the commission below acknowledged this limitation imposed upon Moran. Neither party disputes that Moran was required to fulfill his Navy duties or face military charges.

The condition preventing compliance with rehabilitation efforts or acceptance of selective employment need not be physical. In Ballweg v. Crowder Contracting Co., 247 Va. 205,

440 S.E.2d 613 (1994), the Supreme Court of Virginia held that a claimant who had refused selective employment requiring him to work on Saturday was justified in his refusal because his religious beliefs as a Seventh-day Adventist rendered him unable to work on Saturday. Thus, a compelling non-physical reason for refusing selective employment may be adequate. In Ballweg, the employer forced the claimant to choose between his religious freedom and the selective employment. Here, Moran's alternative to the selective employment was his personal liberty. We find this condition to be sufficiently compelling.

Having established that Moran possessed a condition that limited his ability to cooperate and to work, the issue becomes the knowledge of the employer. If the employer was aware of such a condition at the time of hiring, the employer must accept that condition as part of the employee's abilities. Finding employment suitable to the employee's capacity after the accident requires consideration of "a condition which pre-existed the injury by accident and which was obvious to the employer when the employee was hired." James, 8 Va. App. at 516, 382 S.E.2d at 489. The residual capacity of the employee must include the characteristics of the employee prior to the injury. Id. In James, the employee had a physical condition that was unrelated to the injury, yet was obvious to the employer when he was hired. This Court required the employer to take that condition into consideration. Id.

On the issue of knowledge, _Ballweg_ again becomes analogous to the case at bar. In _Ballweg_, the Supreme Court recognized that the employer hired Ballweg "with the understanding that Ballweg could not and would not work on Saturdays." _Ballweg_, 247 Va. at 207, 440 S.E.2d at 614.

R & W Construction knew when Moran was hired that he was an active duty member of the Navy. Although the possibility of being recalled to work full-time for the Navy may have been remote, it nevertheless existed. "Under the Virginia Workmen's Compensation Law, the employer takes the employee as he is." _McDaniel v. Colonial Mechanical Corp._, 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986).

Moran's condition, known to his employer, prevented him from cooperating in this case. These circumstances justify his refusal to cooperate fully in the job search and vocational rehabilitation offered and his failure to accept the full-time selective employment offered.

We reverse the commission's ruling in this case. The matter is remanded to the commission for such action as may be requisite to provide the proper amount of compensation benefits due to the claimant.

_Reversed and remanded._