COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


ATLAS PLUMBING AND MECHANICAL, INC., AND
 HARTFORD CASUALTY INSURANCE COMPANY

                                         OPINION BY
v.    Record No. 3121-01-4          JUDGE G. STEVEN AGEE
                                         JULY 23, 2002
JERRY LEE LANG


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Alexander Francuzenko (O'Connell & O'Connell,
               on brief), for appellant.

               Jimmy L. Hill (Roger Ritchie & Partners,
               P.L.C., on brief), for appellee.


     Atlas Plumbing and Mechanical, Inc. and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that Jerry Lee Lang

(claimant) was justified in refusing selective employment

offered to him by employer.  We disagree and affirm the

commission's decision.

                        I.  BACKGROUND

     Claimant began working for employer as a plumber in July

1993.  Prior to going to work for employer, claimant worked as a

plumber for another company, which provided him with

transportation to and from work.  Employer solicited claimant to

leave his existing job and work for it.  Claimant's acceptance

of employer's offer of employment was conditioned on employer's

promise to provide him with transportation to and from work.

Claimant lived seventy miles from employer's office in Manassas

and was assigned job sites in Northern Virginia, all of which

were over an hour from claimant's home in Luray. The commission

found claimant's testimony was unrebutted that when claimant

accepted employer's offer of employment employer agreed to

provide transportation to claimant "as long as . . . [he] worked

for Atlas."

On July 2, 1999, claimant sustained a compensable injury by

accident to his lower back while working for employer. Pursuant

to a Memorandum of Agreement filed with the commission, claimant

received temporary total benefits beginning on July 3, 1999.

On February 7, 2000, claimant was released by his physician

to light-duty work. On May 3, 2000, the employer filed an

Application for Hearing with the commission, alleging the

claimant refused a February 10, 2000 offer of selective

employment at its Manassas warehouse.

At a hearing before the commission, claimant testified that

he was interested in the position offered but was unable to

accept it because the position did not include transportation to

and from work.[1] Claimant did not own a vehicle that he could

---

[1] Claimant received a letter from employer on February 9, 2000, which confirmed his release to light-duty work, acknowledged the offer of a light-duty position in the warehouse, and stated claimant was to report to work on February 10, 2000, at 7:00 a.m. The letter also stated:

-

drive to and from Manassas and was unable to arrange transportation. The commission held claimant was justified in refusing the offered selective employment:

> While we agree that as a general proposition, employers do not have to provide employees with transportation to selective employment, we find that if, as in this case, the employee's acceptance of pre-injury employment was contingent on employer-provided transportation to and from work and suitable alternatives are not available, then the employee is justified in refusing light duty employment if the employer refuses to provide transportation.

## II. ANALYSIS

On appeal, employer contends the commission erred in finding claimant was justified in refusing the offered light-duty position that was within his residual capacity. For the following reasons, we disagree and affirm the commission's decision.

"To support a finding of refusal of selective employment 'the record must disclose (1) a <u>bona</u> <u>fide</u> job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by

---

> You were previously afforded transportation when on full duty because your job duties required you report to different job locations. The job in the warehouse is a restricted duty position that does not require traveling during your work shift, thus you will not be provided transportation.

-

the employee to accept the job.'" James v. Capitol Steel

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989)

(quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App.

97, 98, 335 S.E.2d 379, 380 (1985)).

There is ample credible evidence in the record to support

the commission's finding that the employer met its burden

regarding the first two elements.[2]  The employer found for the

employee a bona fide position suitable to claimant's capacity.

Thus, the burden shifted to claimant to prove his refusal of

that bona fide job offer was justified.  Talley v. Goodwin

Brothers Lumber Co., 224 Va. 48, 294 S.E.2d 818 (1982).

> This appeal does not present a case of
> conflicting evidence or a dispute concerning
> the commission's findings of fact.  When the
> issue is the sufficiency of the evidence and
> there is no conflict in the evidence, the
> issue is purely a question of law.  This
> Court is not bound by the legal
> determinations made by the commission.
> "[W]e must inquire to determine if the
> correct legal conclusion has been reached."

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416

S.E.2d 708, 711 (1992) (internal citations omitted).

"To support a finding of justification to refuse suitable

selective employment, 'the reasons advanced must be such that a

reasaonable person desirous of employment would have refused the

_____

[2] The commission found claimant waived any challenge to the
first two elements and, therefore, waived his right to challenge
the commission's finding that the employer sustained its burden
on these elements.  The claimant does not challenge this finding
on appeal.

-

offered work.'" Food Lion v. Lee, 16 Va. App. 616, 619, 431

S.E.2d 342, 344 (1993) (quoting Johnson v. Virginia Employment

Comm'n, 8 Va. App. 441, 452, 382 S.E.2d 476, 481 (1989)). In

the case at bar, claimant argued that he was unable to accept

the offered position because (1) he did not have transportation

to the place of employment and (2) employer breached its

agreement to provide transportation. Under the circumstances

represented in this record, we find claimant's refusal to accept

the selective employment position was justified and, thus,

claimant met his burden of proof.

We agree with the commission's assertion that an employer

does not have the general duty to provide transportation for its

employees; therefore, the failure of an employer to provide

transportation to selective employment will not provide a

sufficient basis for an employee's refusal of that employment

offer. See generally Klate Holt Co. v. Holt, 229 Va. 544, 547,

331 S.E.2d 446, 448 (1985). In the case at bar, however, the

employer had a contractual obligation to provide claimant with

transportation which arose from the employment agreement between

the parties.

Claimant's unrebutted testimony proved that he was ready

and willing to return to light-duty work for employer, but for

the lack of employer-provided transportation to which he was

entitled under the terms of his employment contract. It was

undisputed that employer knew claimant required

-

employer-provided transportation when employer hired him and that such transportation was a prerequisite to his acceptance of the pre-injury job. But for employer's covenant to provide claimant with transportation for so long as he worked for it, claimant would not have quit his previous job. Employer provided claimant with transportation to and from work up until the time of his compensable injury by accident. The change to selective employment does not vitiate employer's original contract obligation to provide claimant with transportation. Therefore, when employer offered claimant a selective employment position without providing a means of transportation, claimant was justified in refusing the offer. "The condition preventing . . . acceptance of selective employment need not be physical." Moran v. R & W Constr., Inc., 21 Va. App. 195, 199, 462 S.E.2d 919, 921 (1995). The employer breached its contractual obligation to claimant to provide him transportation. See generally Sea-Land Service, Inc. v. O'Neal, 224 Va. 343, 297 S.E.2d 647 (1982) (issues relating to the establishment and breach of employment contracts).

We are not persuaded by employer's contention that the Supreme Court of Virginia's decision in Holt, 229 Va. 544, 331 S.E.2d 446, controls and requires a different decision in this case. That case is clearly distinguishable.

In Holt, the employee, a mail clerk released to light-duty employment, refused to accept the selective employment position

-

procured by the employer and approved by her physician. She refused the position because she did not want to work in the selective position and did not own a motor vehicle in which to transport herself to the job assignment. The commission found that the employee was justified in refusing the offered position due (1) to the transportation problem and (2) because the employer failed to make arrangements to provide transportation in light of the fact that the job required the employee to provide her own means of transportation. The Supreme Court reversed the commission's decision.

> The employee's outright refusal to accept the security guard job offers rendered consideration of the transportation aspect of the employment irrelevant. By unconditional rejection of the offers, the employee demonstrated an unwillingness to accept employment within her residual capacity. Her unilateral action thwarted any further efforts by . . . [the employer] to assist her in solving her transportation dilemma.

Id. at 547, 331 S.E.2d at 448. Moreover, there was no evidence in Holt that employer had a contractual obligation to provide transportation.

Under the facts of this case, the employer is bound by its contractual obligation to provide transportation to claimant, which the transition to selective employment does not alter. The employer's breach of its obligation provided adequate justification for claimant's refusal of selective employment.

-

Accordingly, we affirm the decision of the commission.

<u>Affirmed</u>.


A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk