COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 1230-03-1                  PER CURIAM
                                         SEPTEMBER 30, 2003
WILLIAM A. WINSTON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Jonathan H. Walker; Mason, Mason, Walker &
              Hedrick, P.C., on brief), for appellant.

              (Matthew H. Kraft; Rutter, Walsh, Mills &
              Rutter, L.L.P., on brief), for appellee.


     Newport News Shipbuilding and Dry Dock Company (employer)

contends the Workers' Compensation Commission erred in finding

that employer failed to prove that William A. Winston (claimant)

unjustifiably refused a bona fide offer of selective employment.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"'To support a finding of refusal of selective employment "the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job."'" Atlas Plumbing and Mechanical, Inc. v. Lang, 38 Va. App. 509, 512, 566 S.E.2d 871, 872-73 (2002) (citations omitted). "To constitute a bona fide offer, the selective employment contemplated by Code § 65.2-510 must be upon terms and conditions sufficiently specific to permit informed consideration by an employee, . . . and comprised of duties consistent with employee's remaining work capacity." Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 37, 542 S.E.2d 785, 788 (2001) (citation omitted).

Unless we can say as a matter of law that employer's evidence sustained its burden of proving the elements necessary to terminate compensation due to an unjustified refusal of selective employment, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that employer's evidence did not sustain its burden of proof, the commission found as follows:

> It is not enough that the claimant was told to report to the clinic [on October 2, 2000] to inquire whether the employer had a light duty position available or that had he gone to the clinic he would have learned

- 2 -

that there was a light duty job for him. The Commission has held that an offer of light duty work must be specific or give sufficient information about the nature of the work so that the claimant knows the employer is offering work within the restrictions.

It would have been permissible for the employer to offer a specific job that complied with the restrictions or to tell the claimant that there was work available that met his restrictions. Here, the claimant only was told that there might be work available.

Since there was no offer of employment, there was no refusal of selective employment within the meaning of Code § 65.2-510. Accordingly, we find that the claimant did not unjustifiably refuse selective employment.

Claimant's testimony supports the commission's findings that employer never offered him any specific light-duty work within his restrictions. Moreover, no evidence showed that light-duty work within claimant's restrictions was available at employer's workplace as of October 2 or 3, 2000. A medical caseworker instructing a claimant to report to an employer's clinic with a copy of his restrictions to inquire whether any light-duty work is available is not the equivalent of an employer making a bona fide offer of selective employment.

We also find no merit in employer's argument that claimant somehow constructively refused selective employment by failing to bring a copy of his restrictions to the clinic on October 2, 2000 or October 3, 2000, as instructed by Mary Gray, claimant's

- 3 -

rehabilitation medical case manager.  Claimant testified that he was unable to go to the clinic on October 2, 2000 and that he did not feel well on October 3, 2000.  Claimant also testified that he believed Gray was going to take a copy of his restrictions to the clinic.[1]  The commission, as fact finder, was entitled to accept claimant's testimony.  Furthermore, the evidence proved that on October 16, 2000, when claimant received employer's October 10, 2000 letter instructing him to report to the clinic prepared to work, he reported to work the next day ready to work.  However, employer made no offer of selective employment to him at that time, but rather terminated his employment.

Based upon this record, the commission could reasonably conclude that employer did not make a <u>bona</u> <u>fide</u> offer of selective employment to claimant which he could have either accepted or refused between October 2, 2000 and October 17, 2000.  Accordingly, we cannot find as a matter of law that employer proved it made a <u>bona</u> <u>fide</u> offer of selective employment to claimant that was within his restrictions.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1] Gray testified that on October 3, 2000, she faxed a copy of claimant's restrictions to Sarah Bradby, claimant's workers' compensation case manager.