COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Beales
Argued at Alexandria, Virginia


MICHAEL RICHARDSON

v.        Record No. 3065-06-4

LENSIS BUILDERS, INC. AND
 NATIONWIDE MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
JULY 24, 2007


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

    M. Thomas McWeeny (Peter C. DePaolis; Koonz, McKenney,
    Johnson, DePaolis & Lightfoot, L.L.P., on briefs), for appellant.

    Adam E. Strauchler (Robey, Teumer & Drash, on brief), for
    appellees.


        The Workers' Compensation Commission ruled that Lensis Builders, Inc. met its burden

of proving Michael Richardson refused selective employment within his work capacity.

Richardson contends the commission erred because (i) the terms of the selective employment

were never communicated to him and (ii) the offer of selective employment would require him

"to move back to his pre-injury temporary residence [in Virginia] one hundred and eighty three

miles away from his current permanent residence [in Pennsylvania]." For the reasons that

follow, we affirm the commission's ruling.

I.

        Lensis Builders hired Richardson in 2002 as a carpenter's helper. When Richardson

applied for the job and obtained this employment, he resided in Pennsylvania, approximately 200

miles away from his employment. Richardson testified that, after he began his employment with

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Lensis Builders, he continued "living in Pennsylvania, but stay[ed] in Virginia" at the residence of the foreman of the job, who was the father of his friend. Richardson lived in this residence in Virginia during the workweek "[t]o save gas so [he] wouldn't have to drive back and forth" and was "living [there] for free."

Richardson suffered a compensable injury by accident on September 14, 2002 and began receiving workers' compensation benefits. In November 2005, Richardson's treating physician, Dr. Russell V. Gilchrist, released him to return to work with restrictions. A month later, Richardson received a letter offering him selective employment with Lensis Builders. The letter informed Richardson his treating physician had approved the position as being within his restrictions. The letter also advised Richardson to arrive for work at 8:00 a.m. on January 9, 2006. Richardson did not accept the offered job.

Following a hearing on Lensis Builders's application, which alleged Richardson unjustifiably refused selective employment, the deputy commissioner ruled Lensis Builders failed to meet its burden of proof. Specifically, the deputy commissioner found that, although the medical evidence showed Dr. Gilchrist had indicated Richardson could return to some type of employment, the evidence did "not indicate [Richardson] was able to <u>fully</u> return to what were testified as the duties of a carpenter's helper." The deputy commissioner also ruled it would be "an unreasonable request to ask [Richardson] to accept the lighter duty job back in the Nokesville[, Virginia] area when clearly he was residing [in Pennsylvania] where he had originally maintained his residential address."

On review, the commission reversed the deputy commissioner's decision. The commission found that Lensis Builders tendered a *bona fide* offer of employment suitable to Richardson's capacity, that Lensis Builders met its burden of proving Richardson refused selective employment within his capacity, and that Richardson failed to establish justification for

- 2 -

his refusal. A commissioner dissented on the grounds that Lensis Builders failed to establish the position was suitable or within Richardson's medical restrictions and further that Richardson should not be "required to drive 183 miles to attempt the job." This appeal followed.

II.

Code § 65.2-510(A) provides: "If an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to the benefits provided for him in [Code] §§ 65.2-503 [permanent loss] and 65.2-603 [medical services and vocational rehabilitation services] . . . during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified." It is well established that the employer bears the initial burden of proving the position offered was within the employee's residual work capacity. Talley v. Goodwin Bros. Lumber Co., 224 Va. 48, 52, 294 S.E.2d 818, 820 (1982). If the employer does so, then the burden shifts to the employee "to show that he was justified in refusing the offer of modified work." Id.

Applying the predecessor to this statute, we have ruled that to support a finding of refusal of selective employment, "the record must disclose (1) a *bona fide* job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job." Ellerson v. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985) (citing Code § 65.1-63). Explaining this standard, we have held that "[t]o constitute a *bona fide* offer, the selective employment contemplated by Code § 65.2-510 must be upon terms and conditions sufficiently specific to permit informed consideration by an employee, and comprised of duties consistent with employee's remaining work capacity." Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 37, 543 S.E.2d 785, 788 (2001) (citing Ellerson, 1 Va. App. at 101-02, 335 S.E.2d at 382; American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985)).

- 3 -

Richardson contends "the terms and conditions of the selective employment were [never] communicated to [him]; therefore, as a matter of law [Lensis Builders] failed to meet [its] burden of establishing a *bona fide* offer of selective employment." Lensis Builders responds that Richardson expressly waived this argument at the evidentiary hearing and, further, that the written offer of employment fulfills the requirement of credible evidence necessary to support the commission's finding of a *bona fide* offer. We agree Richardson has waived this issue.

At the evidentiary hearing, Lensis Builders introduced as an exhibit the offer letter sent to Richardson. The letter disclosed the title of the offered position ("Punch Out Operator") and informed Richardson that his treating physician "approved of this position." It also included the expected start date, time, and location of employment. The letter further noted, "[a]s you are aware, we have discussed this opportunity on a number of occasions and there have been no changes." A copy of Richardson's "Duty Restrictions" form, signed by Dr. Gilchrist, was also introduced as an exhibit. It contains no driving restrictions.

In response to the deputy commissioner's inquiry whether "there [was] any dispute about the communication of the offer," Richardson's attorney responded "no." In his written response to the commission on review, however, Richardson argued he "could not determine whether he could perform the duties of a punch out operator" because "the terms and conditions of a punch out operator were never specifically communicated to [him]."

On review, the full commission found as follows:

> In response to a letter from the carrier on November 29, 2005, Dr. Gilchrist issued work restrictions including no lifting/carrying over 50 pounds, occasional lifting 21 to 30 pounds, and no restrictions up to 20 pounds. He placed some limitations on crawling, stooping, twisting, and climbing, but no limitations on bending, kneeling, squatting, or driving. On December 8, 2005, Dr. Gilchrist approved a detailed punch-out carpenter job description.

The commission also found that Richardson acknowledged receiving the letter offering him the punch-out carpenter job. The commission further found that "[i]n this case there is no controversy over the communication of the offer of light duty." Because Richardson's attorney explicitly told the deputy commissioner no dispute existed about the communication to him of the offer of selective employment, the record supports the commission's ruling. Indeed, Richardson conceded this issue before the deputy commissioner. We will not consider on appeal an issue that was not disputed by concession. Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988). Rule 5A:18 prevents our consideration of this issue on appeal.

Richardson additionally contends the offer of selective employment was not *bona fide* because the job position was in Virginia and he lived in Pennsylvania. The evidence proved Lensis Builders offered the selective employment position in Virginia where Richardson worked before his injury. The evidence further proved Dr. Gilchrist approved Richardson's return to work, reviewed a detailed job description for the position of punch out carpenter, and approved the job description as being within the work restrictions he issued for Richardson. Nothing in the record established this job position, which was approved by the treating physician, was not a *bona fide* offer. Thus, this evidence supports the commission's finding that Lensis Builders met the burden of proving the position was within Richardson's residual work capacity "by producing evidence that it offered [Richardson] selective employment approved by [his treating physician]." Doane, 230 Va. at 42, 334 S.E.2d at 550.

The rule is well established that "when an employer invokes the bar of Code § 65.2-510 and establishes that an injured employee has been offered employment suitable to his residual capacity, the burden of persuasion shifts to the employee to show justification for refusing the offer." Ballweg v. Crowder Contracting Co., 247 Va. 205, 209, 440 S.E.2d 613, 615 (1994).

The issue of transportation to and from the selective employment site properly is a matter related to whether Richardson unjustifiably refused the offer of selective employment. See Klate Holt Co. v. Holt, 229 Va. 544, 547, 331 S.E.2d 446, 448 (1985) (rejecting the finding that an employee was justified in refusing an offer of selective employment because the employee did not "have her own transportation"); Atlas Plumbing and Mechanical, Inc. v. Lang, 38 Va. App. 509, 513-15, 566 S.E.2d 871, 873-74 (2002) (holding the commission did not err in finding that travel requirements justified the employee's refusal of selective employment where the employer and employee had a pre-injury contract obligating employer to provide employee with transportation).

Prior to and at the time of his injury, Richardson was "living in Pennsylvania, but staying in Virginia" during the workweek. Richardson's own testimony revealed his previous living arrangements were "probably" available to him when he received the offer of selective employment. Additionally, Dr. Gilchrist approved the job and did not restrict Richardson from driving. This evidence supported the commission's finding that the distance between Richardson's residence and the prospective work location "would have placed [Richardson] in no different a position than his pre-injury job." No evidence was presented to establish the employment offered was otherwise not within the scope of Richardson's residual work capacity.

Richardson essentially contends this case turns on a distinction between a "residence" and a "domicile," and he argues "[w]hat is at issue was his residence at the time he was injured." He fails, however, to cite any support for his assertion that this distinction creates a difference in the outcome of this case. Specifically he argues that although his domicile remained in Addison, Pennsylvania, "at the time of his injury, [he] was one hundred and eighty three [sic] miles away in Nokesville, Virginia." Richardson offered, however, no legitimate reason to support his claim that he is entitled to a geographic accommodation different from the one he arranged for himself

- 6 -

prior to his injury.  We hold, therefore, credible evidence supports the commission's conclusion that Richardson's refusal of the offer of selective employment was unjustified.

In summary, the commission did not err in finding that Lensis Builders made a *bona fide* offer when it offered selective employment within Richardson's medical restrictions and under the same geographic circumstances as his pre-injury offer and that Richardson's refusal was unjustified.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>