COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Retired Judge Hodges[*]


CHEMED CORPORATION, T/A ROTO ROOTER AND
  AMERICAN ZURICH INSURANCE COMPANY
                                                    MEMORANDUM OPINION[**]
v.       Record No. 2429-09-2                            PER CURIAM
                                                       MARCH 30, 2010
LONNIE LYNN BORRELL


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William T. Kennard; O'Connell & O'Connell, LLC, on brief), for
            appellants.  Appellants submitting on brief.

            (Jamie L. Karek; Geoffrey R. McDonald & Associates, PC, on brief),
            for appellee.  Appellee submitting on brief.


        Chemed Corporation, t/a Roto Rooter and its insurer, American Zurich Insurance

Company (employer), appeal a decision of the Workers' Compensation Commission finding

Lonnie Borrell (claimant) did not unjustifiably refuse an offer of light-duty employment and that

he reasonably marketed his residual work capacity.  After reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we affirm the commission's

decision.

                                    I.  Background

        "In accordance with well established principles, we consider the evidence in the light

most favorable to [claimant] the prevailing party below."  Hillcrest Manor Nursing Home v.

---

        [*] Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Underwood, 35 Va. App. 31, 34, 542 S.E.2d 785, 787 (2001).  So viewed, the evidence established that claimant, a plumber, sustained a compensable workplace injury on January 10, 2008.  Employer voluntarily paid claimant temporary total disability benefits from January 14, 2008 through June 15, 2008.

Claimant's treating physician released him to perform light-duty work on June 9, 2008.  Shortly thereafter, employer offered claimant light-duty clerical work in its administrative office in Manassas.[1]  Claimant attempted to return to light-duty work with his employer on June 19 and June 27, 2008.  However, on each occasion, he left after ten to fifteen minutes because his back pain prevented him from working any longer.  A few days later, claimant's employment with employer was terminated.

Upon review of his claim, a deputy commissioner affirmed claimant's award for benefits after determining that driving sixty to ninety minutes to reach employer's administrative office violated claimant's light-duty restriction to drive no more than thirty minutes.  The full commission stated,

> [w]hile we do not believe that the restrictions meant that the claimant could not travel anywhere that required more than 30 minutes travel time from departure to arrival, we believe that he made a *bona fide* attempt to drive the distance on two occasions and could not.

It awarded claimant ongoing temporary total disability benefits.  This appeal followed.

## II.  Analysis

Employer contends claimant unjustifiably refused a *bona fide* offer of selective employment.

> To support a finding of refusal of selective employment "the record must disclose (1) a *bona fide* job offer suitable to the

---

[1] Claimant lived in Spotsylvania County in June 2008.  Although he traveled to the administrative office in Manassas approximately once a week prior to the accident, he testified that he normally worked within a thirty-mile radius of his home.

employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989).

Atlas Plumbing and Mechanical, Inc. v. Lang, 38 Va. App. 509, 512, 566 S.E.2d 871, 872-73 (2002) (alteration in orginial). "[E]mployment 'suitable to [the employee's] capacity' means employment within the employee's residual capacity resulting from the industrial accident." American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985) (alteration in original).

Here, claimant's treating physician initially listed claimant's driving restriction as "no more than 30 minutes," but later refined the description to "no more than thirty minutes with a 10 minute break in between." Claimant testified that he complied with his physician's restrictions by stopping three times en route to employer's administrative office from his home. However, he explained, "[a]fter the second [stop], it doesn't matter. Everything's . . . building up. Walking around doesn't help, it just aggravates it." From this evidence, and in light of claimant's work restrictions, we cannot conclude the commission erred in concluding an offer of employment, which required a commute of sixty to ninety minutes, was unsuitable to claimant's work capacity.

Employer also contends claimant failed to market his residual work capacity. "[A]n employee who has reached maximum medical improvement and remains partially disabled must make a reasonable effort to market his remaining capacity to work in order to continue receiving workers' compensation benefits." Virginia Wayside Furniture, Inc. v. Burnette, 17 Va. App. 74, 78, 435 S.E.2d 156, 159 (1993). "Whether an employee has made a reasonable effort to market his remaining work capacity is determined by an objective standard of reasonableness and depends on the particular circumstances of each situation." Id. at 79, 435 S.E.2d at 160. Here, claimant provided a job log listing thirty-three contacts he made seeking employment over the

- 3 -

course of eleven weeks.  Given his educational background and work history, we cannot conclude the commission erred in finding claimant made a reasonable effort to market his remaining work capacity.  Therefore, we affirm the commission's decision.

Affirmed.