# Richmond

BLANTON ROLFE CHALKLEY v. NOLDE BROTHERS, INC., ET AL.

November 24, 1947.

Record No. 3290.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*Robert Lewis Young* and *L. Cutler May*, for the appellant.

*Wiltshire & Rives*, for the appellees.

GREGORY, J., delivered the opinion of the court.

Blanton Rolfe Chalkley, a boy some twelve years of age, accompanied George L. Feitig, a truck driver for

Nolde Brothers, Incorporated, on Feitig's bread route. He was engaged by Feitig to help in making deliveries of bread and while so engaged the truck was involved in a collision with another motor vehicle which was being operated by one E. M. Wood. This collision took place on May 1, 1943, in Prince George county, and Blanton Rolfe Chalkley was seriously injured.

Later an attorney was employed to represent young Chalkley and an action was instituted in his behalf in the Law & Equity Court of the City of Richmond, Part Two, for the purpose of recovering indemnity for the injuries so sustained.

After the collision a report of it was made to American Mutual Liability Insurance Company, the insurance carrier of Nolde Brothers, Incorporated, who carried the workmen's compensation liability. That carrier, one of the appellees here, forwarded the report to the Industrial Commission. Mr. Aubrey R. Bowles, Jr., an attorney at law of Richmond, represented Nolde Bros., Inc., and the insurance carrier which carried the automobile liability insurance on the bread truck, in the damage action above mentioned.

A number of defenses were set up under special pleas, among which was, that by implication of law, Chalkley was an employee of Nolde Bros., Inc., and hence entitled only to the indemnity afforded by the Workmen's Compensation law.

The case went to the jury on the issue, among others, whether or not Chalkley was an employee of Nolde Bros., Inc. A verdict in favor of the plaintiff was returned by the jury against Nolde Bros., Inc., and the plaintiff's damages were assessed at the sum of $11,500. Judgment was entered on the verdict on July 21, 1944. This was a finding that Chalkley was not an employee.

After the verdict, but before the judgment approving

it, counsel for Nolde Bros., Inc., wrote a letter on April 20, 1944, to the Industrial Commission. The letter was written within a year from the date of the injury to Chalkley, and it reads as follows:

"Re: Claim No. 687-959
     Nolde Brothers, Inc.
     Blanton Rolfe Chalkley

"Industrial Commission of Virginia
P. O. Box 1794
Richmond 14, Virginia

"Gentlemen:

"On June 25, 1943, Nolde Brothers, Inc. executed employer's first report of injury in the above matter which was that day delivered to American Mutual Liability Insurance Company, its compensation carrier, and by it filed with you. The compensation carrier has been notified by letter on May 10, 1943, of this accident which occurred on May 1, 1943, at the intersection of State Highways Routes 10 and 625, in Prince George County. Subsequent thereto Blanton Rolfe Chalkley, by his next friend, began an action at common law against Nolde Bros., Inc., and George L. Feitig, in the Law and Equity Court of the City of Richmond, Part Two, of which you have knowledge by reason of his summons to appear therein for your secretary and your Chief Claims Examiner. That action is still pending.

"Inasmuch as no further action has been taken before the Commission and Nolde Brothers, Inc. is desirous of knowing its rights and status in the premises, for that purpose, pursuant to the provisions of Section 58 of the Act, it herewith makes application for a hearing to determine and secure an adjudication by the Commission of its position, status and rights on the facts as they existed and asks that Blanton Rolfe Chalkley, claimant, and American

Mutual Liability Insurance Company, its compensation carrier, be made parties to this proceeding.

Very truly yours,

Aubrey R. Bowles, Jr.
Attorney for Nolde Brothers, Inc."

Mr. Allen, counsel for the plaintiff, answered the letter and asserted that Chalkley was not an employee of Nolde Bros., Inc., at the time of the accident and that he had no intention of ever filing any claim under the Workmen's Compensation Act before the Industrial Commission, and he committed his client irrevocably to the election to pursue the common-law action without any regard to any rights his client might have had before the Industrial Commission.

On April 22, 1944, counsel for American Mutual Liability Insurance Company, the workmen's compensation insurance carrier, addressed a letter to the Industrial Commission of Virginia, copies of which were sent to counsel for all the other parties, in which he stated that the only way in which the statute of limitation as to the claim of Chalkley for compensation before the Industrial Commission could be "saved" was for Chalkley or someone authorized for him to file a claim for compensation before the Commission. He also stated that the application of Nolde Bros., Inc., embodied in the letter of Mr. Bowles did not prevent the running of the statute of limitation as to Chalkley in that it was not in fact the filing of a claim within the meaning of section 58 of the Act. He also notified all parties that Chalkley could at that time, within the time prescribed by law, file his claim before the Commission, inasmuch as one year had not then expired. He also stated in his letter that the institution of the action in the Law & Equity Court conferred jurisdiction upon that court and, it having first taken jurisdiction, had the right to retain it as to the issues involved to the exclusion of any hearing by the Industrial Commission.

Nolde Bros., Inc., in the meantime applied for and obtained a writ of error to the judgment which had been rendered by the Law & Equity Court, Part Two. (See *Nolde Bros. v. Chalkley*, 184 Va. 553, 35 S. E. (2d) 827.)

This court, upon the writ of error, reversed the judgment, and in doing so held that Chalkley was an employee of Nolde Bros., Inc., and stated that the reversal and dismissal of the case was without prejudice to the plaintiff's right to assert his claim before the Industrial Commission.

On December 1, 1945, after the case had been disposed of in this court, and more than a year from the date of his injury, the mother of Chalkley filed on his behalf, before the Industrial Commission, a claim for the injuries he had received. The case was heard on October 10, 1946, and the hearing commissioner decided against that claim on the ground that it had not been filed within one year from the time the injury was sustained. Upon a review by the full Commission the hearing commissioner was sustained.

The determinative issue in the case is whether or not the letter of Mr. Bowles of April 20, 1944, heretofore set out at length, requesting a hearing under section 58 of the Workmen's Compensation Act, filed with the Industrial Commission within a year from the date of injury, can be construed as the filing of a claim for compensation on behalf of Blanton Rolfe Chalkley, and was it sufficient to prevent the running of the statute of limitation set up under section 25 of the Act which provides that "the right to compensation under this Act shall be forever barred unless a claim be filed with the Industrial Commission within one year from the date of the accident."

Section 58 of the Act, carried in Michie's Code of 1942 as section 1887(58), in part provides: "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this Act * * * either party may make application to the Industrial Commission for a hearing in regard to the matters at issue and for a ruling thereon.

"Immediately after such application has been received

the Commission shall set the date for a hearing which shall be held as soon as practicable and shall notify the parties at issue of the time and place of such hearing * * * ."

Upon receipt of the letter from Mr. Bowles the Commission labelled it, "Re: Claim No. 687-959". All subsequent correspondence relating to the subject matter was labelled by the Commission in the same manner. Mr. W. L. Robinson of the Industrial Commission made a memorandum on April 25, 1944, referring to the same claim number and entitling it as "Blanton Rolfe Chalkley v. Nolde Brothers". This memorandum was addressed to Mr. W. H. Nickels, Chairman, and in it Mr. Robinson referred to the above-styled claim and to the letters of counsel. The memorandum is signed by Mr. Robinson, and the following pencil notes appear on the margin of the office memorandum: "Ch. Nickels said take no action nor replies. R. 4/25/44. Col. Deans said take no action. R. 4/26/44."

The full Commission, upon review, finally held that the letter of Mr. Bowles did not constitute a compliance with the terms of section 58 of the Act; that it was never considered or treated by the Commission as an application filed under the Act, and that the case was never placed on the docket of the Commission. The full Commission also held that there was no effort made prior to the date of "said letter by employer and employee to reach an agreement in regard to compensation, a prerequisite to a proper application under section 58; indeed there was not even an issue between employer and employee at that time, since the employee, by counsel, was emphatically denying that he had or ever intended to assert any claim against employer."

There was no negligent "other party", or third party, against whom Chalkley or his employer could have prosecuted an action at law for damages for his injury. The action at law did not prejudice the right of employer to subrogation which is provided in section 12. There be-

ing no negligent third party, no right of subrogation arose. On the other hand it was adjudicated in *Feitig* v. *Chalkley*, 185 Va. 96, at page 99, 38 S. E. (2d) 73, that his injury was the result of the negligence of Feitig, a fellow em-- ployee, and not as a result of the negligence of a stranger or third party as contemplated by section 12 of the Act (Code, sec. 1887(12)). In fact, it is clear that section 12 has no application here.

■ Again, the petition and record in the case of *Nolde Bros.* v. *Wood*, now on file in this court, in which a writ of error was denied on January 25, 1944 (see Record No. 2467),* demonstrate that Feitig alone was the *tort-feasor*. There a judgment against Nolde Bros., Inc., in favor of E. M. Wood who was the operator of the other motor vehicle involved in the collision with the truck of Nolde Bros., Inc., in which Chalkley was riding, was sustained by our denial of the writ of error. This also constituted an adjudication of the fact that the negligence of Feitig, an employee of Nolde Bros., Inc., alone was responsible for the injury to Chalkley, and this court has held that a fellow employee is not an "other party" or third party, as contemplated by section 12. *Nolde Bros.* v. *Chalkley*, 184 Va. 553, at page 569, 35 S. E. (2d) 827; *Feitig* v. *Chalkley*, 185 Va. 96, at page 104, 38 S. E. (2d) 73, and *Sykes* v. *Stone, etc., Engineering Corp., ante,* p. 116, 41 S. E. (2d) 469.

What has just been written sufficiently answers the statement of Chairman Nickels of the Industrial Commission who said in his opinion that the claimant, by instituting his action at law for indemnity instead of proceeding before the Commission, has cut off the right of the employer to subrogation under section 12, and it cannot now proceed in the claimant's name or otherwise against the third party whose negligence was the proximate cause of the injuries because such action would now be barred by the statute of limitation.

*182 Va. lvii.

All of this might have been true if there had been a negligent third party against whom an action might have been prosecuted, but as we have demonstrated, there was no such party.

Again, Chairman Nickels, in his opinion, said, "Under the facts as they appear in the transcript of this record the claimant had the legal right to institute and prosecute his common law action if he chose to do so; * * * . On the other hand, the claimant may have filed a claim with the Commission within one year after the date of the accident and have requested that a hearing thereon be held in abeyance till the common law action be adjudicated. Thereafter, take appropriate action before the Commission, depending on the outcome in the common law action."

Thus it was conceded by the Chairman that Chalkley could have legally instituted his action at law and at the same time he could have filed his claim with the Industrial Commission. This was held expressly in *Stone* v. *Helme Co.*, 184 Va. 1051, 37 S. E. (2d) 70. The employee is no longer required to elect whether he shall accept an award of compensation from the employer or proceed by an action at law. This is clearly shown from the following quotation taken from the *Stone Case*, at page 1057:

"In *Noblin* v. *Randolph Corp.*, 180 Va. 345, 23 S. E. (2d) 209, we reviewed the history of this section and pointed out (180 Va., at page 357, 23 S. E. (2d), at page 214), that the effect of the 1936 amendment was to restore that portion of the section now under consideration to its status as affected by the 1920 amendment (Acts 1920, ch. 176, p. 256). We also pointed out (180 Va., at page 357, 23 S. E. (2d), at page 214) that while under the present statute (Acts 1936, ch. 369, p. 591) the injured employee is no longer required to elect whether he shall accept an award of compensation from the employer, or procure a judgment in an action at law against the negligent third party, as required by the 1924 amendment (Acts 1924, ch. 318, p. 478), yet the employee is not entitled to a double recovery, that is,

from both the employer and the negligent third party, for his injuries (180 Va., at p. 359, 23 S. E. (2d), at p. 214)."

Chairman Nickels, in his opinion, had this to say: "It is apparent this section contemplates as a prerequisite to an application for a hearing on the part of the defendant that negotiations for settlement between the parties at issue be inaugurated and fail in their purpose in order to show there be some necessity for such hearing. The Act contemplates and encourages friendly settlements by Memorandum of Agreement between the parties at issue. An issue for adjudication is not present till all efforts toward a negotiable settlement have failed to their purpose. It is our further opinion that section 58 be not so interpreted as to destroy the claimant's right of election under section 12."

The Industrial Commission has, in effect, held it to be jurisdictional that an unsuccessful attempt to settle the compensation must have taken place between the employer and the injured employee before a valid claim can be filed by the employee under section 58 of the Act.

Undoubtedly original counsel for Chalkley mistook his forum. He proceeded at law when he should have proceeded before the Industrial Commission, but this alone does not cut off Chalkley's right to compensation. *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 20 S. E. (2d) 530.

During the two years and nine months after the application was filed by Mr. Bowles for a hearing no action was taken by the Commission other than the hearing on October 10, 1946, on which the Chairman's opinion was rendered January 23, 1947. Upon receipt of the Bowles letter asking for a hearing, as we have already stated, two members of the Commission indicated in a memorandum that no action would be taken on it. The record is silent as to whether the parties ever attempted to settle their differences.

At or about the time of the Bowles letter of April 20, 1944, Chalkley and his then counsel had just won a verdict of a jury awarding Chalkley $11,500, which was far in excess of any amount the Commission is allowed to

award. Mr. Bowles, at that time, evidently intended to apply for a writ of error, at the same time, he wanted the rights and status of his client declared by the Industrial Commission. If he could get the case settled before the Commission, his client, the liability insurance carrier on the truck, would escape the verdict of the jury and the whole claim would fall on the compensation carrier. This was a sufficient reason for his effort to take the case to the Commission if possible. He therefore made the application under section 58 for a hearing. He asked that Chalkley and the compensation insurance carrier be made parties to the proceeding. This letter, copies of which were sent to all of the parties, and which we think can be denominated as a claim by the employer, was filed with the Commission within a year from the time of the injury to Chalkley.

Referring to the many issues upon which the law action was tried (*Nolde Bros.* v. *Chalkley,* 184 Va., at p. 561), we there wrote: "Plaintiff seems to have proceeded on the theory that he was an employee of Feitig, the truck driver, and that he was an invitee of Nolde Brothers. Nolde Brothers presented two theories in the alternative: (1) That plaintiff was a trespasser *ab initio*; and, (2) that, if not a trespasser, he was its employee at the time of the accident." It was in the light of these complicated issues which were to be decided that counsel for Nolde Brothers filed the application. He could not anticipate just what the final decision would be. At that time he was contending that the evidence showed as a matter of law that Chalkley was an employee of Nolde Brothers, Inc., and that for that reason the verdict should be set aside and the case dismissed, "leaving the plaintiff the right to pursue his remedies before the Industrial Commission and that, acting on the belief that this was the proper procedure, Nolde Brothers had filed a claim for plaintiff before the Industrial Commission which was still pending." (See page 562 of the opinion.)

Considering all of the circumstances, we do not think it was imperative that the record show an ineffectual at-

tempt to settle all the issues or the claim before filing it with the Industrial Commission under section 58. Nor do we think the provision is jurisdictional as was held by the Commission.

Counsel for the compensation carrier, in his letter to the Industrial Commission of April 22, 1944, did not object to the Bowles letter being treated as the filing of a claim under section 58 on the ground that the parties had failed to reach an accord on compensation. The record fails to disclose that he ever raised the point before the Commission. According to the record the first time the point was made is found in the opinion of Chairman Nickels rendered more than two years after the Commission received the application of Mr. Bowles.

It likely would have been a vain thing for the employer and Chalkley to have attempted a settlement of the claim before the Bowles letter. The fact that the action at law had proceeded to a jury verdict for the plaintiff for $11,500 would impliedly indicate that they could not have settled their differences in a friendly way. It is quite clear that the differences could be settled only by litigation.

The employer, by its counsel, who also represented the liability insurance carrier, expressly filed the claim for Chalkley as well as for itself. That this was his intention, counsel, in his testimony, said, "I stated to the court that Nolde Brothers did not wish to be placed in the position to be criticized, or have the boy or anyone feel it was prejudicing the boy's rights. * * * We had done all within our power to preserve such rights as we could preserve."

To hold that the letter of Attorney Bowles of April 20, 1944, to the Commission constituted a filing of the claim will not prejudice the rights of anyone. All of the parties knew the claim was pending with the Industrial Commission. We must construe the Act liberally to accomplish its remedial purpose.

The order of the Industrial Commission is reversed and

the case remanded with the direction that the Industrial Commission proceed to hear and determine the claim of Chalkley.

*Reversed and remanded.*