COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


FAIRFAX COUNTY SCHOOL BOARD
                                           OPINION BY
v.    Record No. 2498-02-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           JULY 8, 2003
JUDITH L. HUMPHREY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Michael N. Salveson (Hunton & Williams, on
              briefs), for appellant.

              James J. Faughnan (Quagliano & Seeger, P.C.,
              on brief), for appellee.


     Fairfax County School Board (employer) contends the

Workers' Compensation Commission (commission) erred in finding

(1) that a Memorandum of Agreement that was later vacated

properly constituted a timely filed Claim for Benefits and (2)

that Judith L. Humphrey's (claimant) claim was not barred by

Code § 65.2-701.  Finding no error, we affirm the commission's

decision.

                              I.  Facts

     "On appeal, we view the evidence in the light most

favorable to the claimant, who prevailed before the commission."

Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d

335, 340 (1998) (citations omitted).  The commission's factual

findings are conclusive and binding on this Court when those

findings are based on credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); Code § 65.2-706.

Claimant, a music specialist, sustained a variety of injuries during her employment with the Fairfax County Public Schools.  She claimed injuries on November 9, 1994, June 8, 1995, September 14, 1995, January 23, 1997, February 13, 1998, March 24, 1998, May 14, 1999, October 19, 1999 and October 19, 2001.[1]  The November 9, 1994 claim for benefits is the only matter before us in this appeal.

On November 9, 1994, claimant, while teaching a folk dance to third graders, twisted her left ankle and felt a pop in her back.  She stumbled but did not fall.  Claimant received extensive medical treatment from a variety of physicians, accupuncturists, chiropractors and psychotherapists from November 9, 1994 through the present.  She had surgery on December 14, 1995, but it was unsuccessful.

Employer filed its Employer's First Report of Accident on March 29, 1995, and the claim was assigned a Virginia Workers' Compensation Commission (VWC) file number (174-01-44).  The commission sent its standard notification letter or "blue

---

[1] The February 13, 1998 and May 14, 1999 claims were found compensable.  The June 19, 2001 claim was denied because it did not arise out of and in the course of her employment.  All of the remaining claims except the November 9, 1994 claim were denied as having been untimely filed.  See Code § 65.2-601.

-

letter" on April 4, 1995.  Employer offered claimant a Memorandum of Agreement form which she signed on January 18, 1996 and an employer's representative signed on February 5, 1996.  He mailed the executed form to the commission, and it was received on February 9, 1996.

Before the entry of an award, employer wrote the commission and asked that the award not be entered.  Notwithstanding employer's request, the commission entered the award on April 8, 1996.  Employer wrote the commission and asked that the award be vacated.  A copy of that letter was mailed to claimant.  The commission vacated the award on May 31, 1996 and stated:

> On March 11, 1996, the carrier's representative who signed the Memorandum of Agreement advised the Commission that he had reopened his investigation to obtain further medical reports regarding possible pre-existing conditions and that he withdrew his agreement to the previously-submitted memorandum.  Nevertheless, the Commission entered its award on April 8, 1996.
>
> When either party withdraws its approval of a Memorandum of Agreement prior to the entry of the award, the award will not be entered and the case will be scheduled for a hearing.  If, however, the request is made after the award has been entered, the request for review must be made within twenty days in order for the award to be vacated without the necessity of establishing fraud, mutual mistake, or imposition.  In the present matter, the carrier's representative advised the Commission before the entry of the award that he withdrew the carrier's approval of the documents which had been submitted.  In spite of this written information, the Commission entered the award.  The employer

-

and carrier have now petitioned for review of that award in a timely manner. Therefore, the Commission VACATES the April 8, 1996, Award of the Commission.

This matter is hereby removed from the Review Docket.

(Internal citation omitted.)

Claimant agreed she received the opinion vacating the award on June 1, 1996. She appealed that decision to this Court but withdrew the appeal on August 19, 1996. By letter dated November 5, 1996, employer confirmed an earlier conversation with claimant's attorney that the claim of November 9, 1994 and several others "should be regarded as denied."

The deputy commissioner found that claimant, pursuant to Code § 65.2-601, failed to file a timely claim for benefits for the November 9, 1994 claim. The deputy commissioner found that

claimant was on sufficient notice of a dispute concerning the November 9, 1994 accident within two years of the accident date that the employer's conduct would not result in a finding of any detrimental reliance upon the earlier offer and filing of the memorandum of agreement or conduct such as would require the Commission to step in to do full justice. . . . The filing requirement "is satisfied only by filing the claim with the commission, not by filing it with the employer or anyone else. By giving information and filing reports with his employer, the employee did not satisfy the requirement that the claim be filed with the commission . . . ."

-

(Internal citations omitted.)  Claimant appealed to the full

commission.

The commission reversed the deputy commissioner.

> Here, the parties submitted a written
> request that the Commission process an
> Award.  The request included every detail
> for an "original claim" required by
> Commission Rule 1.1:  The employer's and
> employee's addresses, the date of the
> accident ("11/9/94"), the nature of the
> injury ("Injury - Hip & Back"), and the
> benefits being sought ("Temporary Total" for
> the period beginning November 18, 1995).  It
> was signed by the claimant and clearly
> requested that the Commission take action
> based on the facts as stated.  The
> Commission thereafter took action and
> entered an Award of benefits.  The Award was
> later vacated, but the Memorandum of
> Agreement was never withdrawn by the
> claimant or dismissed by the Commission.  We
> find that this document constituted an
> original Claim for benefits and because it
> was filed February 9, 1996, was timely.

From that decision, employer appeals.

## II.  Statute of Limitations

### A.  Mailing the Claim for Benefits

Employer first contends that the fully executed Memorandum

of Agreement cannot be considered a "claim for benefits" because

it was filed, i.e., mailed to the commission, by the employer

rather than the claimant.  This argument is without merit.

"The right to compensation under this title shall be

forever barred, unless a claim be filed with the Commission

within two years after the accident. . . ."  Code 65.2-601.

-

"An employee's original claim for benefits shall be filed within the applicable statutes of limitation. . . ."  Commission Rule 1.1.

Claimant, at employer's request, executed the Memorandum of Agreement for filing and returned it to employer who was to take the final step of mailing it to the commission.  Employer's reliance on Cheski v. Arlington County, 16 Va. App. 936, 434 S.E.2d 353 (1993), as precluding this process is misplaced.  In Cheski, we held that "[b]ecause the evidence fails to establish . . . that [claimant] or anyone on her behalf filed her claim" she was time-barred.  Id. at 937, 434 S.E.2d at 354.  In that case, the claimant provided information only to the employer, rather than information the employer was to forward to the commission.  The employee never timely invoked the commission's jurisdiction.  Additionally, the letters ultimately provided by the employer to the commission failed to contain the information necessary to state a claim.  See Commission Rule 1.1.  The facts in Cheski are distinguishable from those presently before us.

Here, we find the analysis in Chalkley v. Nolde Brothers, Inc., 186 Va. 900, 45 S.E.2d 297 (1947), more analogous.  In Chalkley, the Supreme Court held that a letter from employer's counsel to the commission requesting a determination of employer's rights and that the employee be made a party to proceedings contained enough information to be considered a timely filed claim.  The Supreme Court noted that "[a]ll parties

-

knew the claim was pending . . . . We must construe the Act liberally to accomplish its remedial purpose." Id. at 912, 45 S.E.2d at 302. "The purpose of filing with the commission is to provide all parties with notice of the potential issues in a case." Johnson v. Paul Johnson Plastering, 37 Va. App. 716, 723, 561 S.E.2d 40, 44 (2002). Clearly, all parties in this case knew claimant sought benefits, knew the issues and were aware that the November 9, 1994 claim was contested. No statutory language delineates who must deliver the claim for benefits to the commission or how it should be filed. We hold, on these facts, that it is legally insignificant that the employer mailed the signed Memorandum of Agreement to the commission.[2]

B. Memorandum of Agreement as Claim for Benefits

Employer next argues that, when it revoked its consent to the terms of the Memorandum of Agreement, the agreement became a nullity and void. Employer relies on Code § 65.2-701 which provides "[i]f approved, the agreement shall be binding, and an award of compensation entered upon such agreement shall be for

---

[2] We also note that Code § 65.2-701(B) provides:

> An employer or insurance carrier which fails to file a memorandum of such agreement with the Commission within fourteen calendar days of the date of its complete written execution as indicated thereon may be subject to a fine not to exceed $1,000 and to any other appropriate sanctions of the Commission.

-

all purposes enforceable as provided by § 65.2-710. If not approved, the same agreement shall be void." (Emphasis added.) Employer contends that, because the award was vacated at the employer's request, the Memorandum of Agreement was "not approved," within the meaning of Code § 65.2-701 and, consequently, the memorandum was "void." It reasons that any content in the agreement that might arguably constitute a claim was likewise vacated and void. We disagree.

"The commission's construction of the Act is entitled to great weight on appeal." Cross v. Newport News Shipbuilding and Dry Dock Co., 21 Va. App. 530, 533, 465 S.E.2d 598, 599 (1996) (citing City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985)). "While we generally give great weight and deference, on appeal, to the commission's construction of the Workers' Compensation Act, 'we are not bound by the commission's legal analysis in this or prior cases.'" Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002) (quoting U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998)).

Unlike questions of fact, however, we review questions of law de novo. Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (citing Harter, 1 Va. App. at 269, 337 S.E.2d at 903). We construe the Workers' Compensation Act liberally for the benefit of employees and give

-

great weight to the commission's construction of the Act.  See

Harter, 1 Va. App. at 269, 337 S.E.2d at 903.

> It is well settled that a claimant
> under the [workers'] compensation law must
> show that his original claim was timely
> filed, for such filing within the statutory
> period is jurisdictional. . . .  The
> language of § [65.2-601], relating to the
> filing of an original claim, is clear.  It
> deals with the right to compensation under
> the [Workers' Compensation Act], and the
> same statute which gives the right provides
> that the right shall be forever barred
> unless exercised within [two] years.

Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191,

193 (1973).

> "The basic nature of the notice required by
> [the Workers' Compensation Act] and the
> necessity for an applicable jurisdictional
> limitation are apparent.  Such notice is
> often the first knowledge that an employer
> and his insurance carrier have of an
> accident and of their potential liability.
> It is this notice that sets in motion the
> machinery to determine whether or not an
> employee has in fact been injured, the
> nature of the injury, whether it arose out
> of and in the course of his employment,
> whether permanent or temporary, and whether
> compensable or not.  This is the notice
> which activates the right of the employee to
> compensation and which invokes the
> jurisdiction of the . . . Commission."

Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 503,

553 S.E.2d 146, 150 (2001) (quoting Binswanger, 214 Va. at 73,

197 S.E.2d at 194).

"Despite requiring the timely filing of a claim, the Act

does not give a definition of claim."  Garcia v. Mantech Int'l

Corp., 2 Va. App. 749, 752, 347 S.E.2d 548, 550 (1986). "As the record in this case reveals, the commission disseminates a standardized claim form on which an injured employee may report an industrial injury, but neither the Act nor the commission's rules require that a claim must be filed on that or any other form." Massey Builders, 36 Va. App. at 503, 553 S.E.2d at 150 (internal citations omitted).

Commission Rule 1.1(A) provides the requirements for a Claim for Benefits.

> An original claim for benefits shall be in writing, signed and should set forth:
>
> 1. Employee's name and address;
>
> 2. Employer's name and address;
>
> 3. Date of accident or date of communication of occupational disease;
>
> 4. Nature of injury or occupational disease;
>
> 5. Benefits sought: temporary total, temporary partial, permanent total, permanent partial or medical benefits;
>
> 6. Periods of disability, if appropriate.

"The word 'shall' is primarily mandatory, whereas the word 'should' ordinarily implies no more than expediency and is directory only." Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1998).

Here, the facts are not in dispute. Employer offered claimant a Memorandum of Agreement, which both employer and claimant signed. Prior to the entry of the award but after the

commission received the memorandum, employer requested the commission to "hold off on entering any award on this file at this time," in order to further investigate the nature of employee's injuries. The commission entered the award, but within the appropriate time period, employer submitted its Request For Review of that award stating: "Upon further reflection and examination of the available medical records, the employer is unable to agree to the entry of an Award accepting the claimant's herniated lumbar disc, or the surgery and lost time related thereto, as compensable under VWC File No. 174-01-44." Employer then asks "For the reasons set forth above, the employer respectfully requests that the April 8, 1996 Award be vacated." The commission then vacated the award and removed the case from the review docket.

Employer argues that the agreement including the information it contained became void when the commission vacated the award. See Code 65.2-701. The commission, however, found that, although the agreement to accept the claim as compensable and pay the appropriate benefits was vacated, the underlying information constituted a claim for benefits that remained operative and was properly filed with the commission. We agree.

Neither of employer's letters to the commission contested that an accident occurred on November 9, 1994 or that claimant was injured as a result of that accident. Employer contested only the entry of an award based on the possibility of

-

pre-existing conditions, unrelated accidents, and possible non-compensable injuries, and asked only to be relieved of its legal obligation to pay compensation pursuant to the award entered.  It, accordingly, asked the commission to vacate the award.  Once vacated, the award and the underlying agreement no longer obligated the employer to accept employee's claim as compensable or make any additional compensable payments.  The information contained in the memorandum describing the parties, the claimant's injuries and her request for benefits was unaffected by the withdrawal of the agreement to pay.  It contained the correct employer name and address, employee name and address, date of loss, nature of injury, benefits sought, and periods of disability.  See Commission Rule 1.1.  Credible evidence supports the commission's finding that the information provided was sufficient to constitute a timely filed Claim for Benefits.

For the foregoing reasons, the decision of the commission is affirmed.

                                        Affirmed.

-