COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, McCullough and Chafin
Argued at Salem, Virginia

MICHAEL ANTHONY HOGAN

                                                    MEMORANDUM* OPINION BY
v.        Record No. 0245-13-3                 JUDGE WILLIAM G. PETTY
                                                    DECEMBER 10, 2013

NPC INTERNATIONAL, INC. #22 AND
  OLD REPUBLIC INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Michael Anthony Hogan, *pro se*, on brief).  Appellant submitting on brief.

          Ramesh Murthy (John Honeycutt; Penn, Stuart & Eskridge, on brief), for
          appellees.


     Michael Hogan appeals a decision of the Virginia Workers' Compensation Commission

denying his claim for benefits because it was barred by the statute of limitations.  On appeal,

Hogan contends that the commission erred in holding that his compensation claim was not timely

filed and in denying his attempt to amend the accident date on his initial claim for benefits.  For

the reasons expressed below, we affirm the commission's decision.

                                                    I.

     Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  "On appeal from a decision of the Workers' Compensation Commission, the

evidence and all reasonable inferences that may be drawn from that evidence are viewed in the

_____

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

Hogan worked as an employee for Pizza Hut. On October 27, 2010, Hogan filed a claim for benefits for an injury he allegedly suffered at work while removing an item from an overhead shelf. Hogan listed November 5, 2008 as the date of injury. On April 8, 2011, Hogan filed another claim for benefits, contending that this was an amendment of the original claim, and listed October 29, 2008 as the date of injury. In an accompanying letter, Hogan said that he was "correcting an error involving the actual injury date" and clarified that November 5, 2008 was actually the date he had been "declared Permanently & Totally Disabled by the US Social Security Administration."

NPC International Co. ("employer")[1] defended the claims, as it does here, on the grounds that the commission did not have jurisdiction to grant an award because Hogan failed to amend his claim within two years of the date of the accident. Employer also asserted, among other things, that Hogan failed to prove that he sustained a compensable injury by accident. Following a hearing, the deputy commissioner held that the commission did not have jurisdiction over Hogan's claim because it was filed after the two-year statute of limitations had run. The deputy commissioner found that Hogan's error "in referencing the incorrect date of accident in his initial Claim for Benefits was a purely personal one and cannot be imputed to the defendant." Therefore, "[t]he employer's jurisdictional defense [was] . . . well-founded and . . . dispositive of the claim."[2] On review, the full commission affirmed the deputy commissioner's decision. Hogan appealed to this Court.

---

[1] NPC International Co. is the corporate owner of several Pizza Hut franchises, including the Pizza Hut where Hogan was employed.

[2] Although he did not have jurisdiction to make a ruling on it, the deputy commissioner rejected the substance of Hogan's filing. He noted, "We would, however, parenthetically note

II.

On appeal, Hogan argues that the commission erred in holding that his compensation claim was not timely filed and in denying his attempt to amend the accident date on his initial claim for benefits. For the following reasons, we disagree.

Although we review the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the prevailing party below, "we review questions of law *de novo*." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999). "This Court is not bound by the legal determinations made by the commission. 'We must inquire to determine if the correct legal conclusion has been reached.'" Atlas Plumbing & Mech., Inc. v. Lang, 38 Va. App. 509, 513, 566 S.E.2d 871, 873 (2002) (quoting Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992)).

Code § 65.2-601 states, "The right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." "We have held in numerous cases that the limitation provision of [Code § 65.2-601] is jurisdictional and that failure to file within the prescribed time will bar a claim." Barksdale v. H.O. Engen, Inc., 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977) (citing Shawley v. Shea-Ball, 216 Va. 442, 445-46, 219 S.E.2d 849, 852 (1975); Blue Diamond Coal Co. v. Pannell, 203 Va. 49, 122 S.E.2d 666 (1961); Winston v. City of Richmond, 196 Va. 403, 83 S.E.2d 728 (1954)); see also Stuart Circle Hospital v. Alderson, 223 Va. 205, 207, 228 S.E.2d 445, 447 (1982) (noting that "filing within the statutory period is jurisdictional"). Therefore, Hogan's right to compensation under the Workers' Compensation Act is barred unless he filed a claim for benefits before October 29, 2010.

---

that even if we had jurisdiction, we still would not have awarded the claimant the relief sought in light of the employer's well-founded, persuasive alternate defenses."

"'Despite requiring the timely filing of a claim, the Act does not give a definition of claim.'" Fairfax Cnty. Sch. Bd. v. Humphrey, 41 Va. App. 147, 156, 583 S.E.2d 65, 69 (2003) (quoting Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 752, 347 S.E.2d 548, 550 (1986)). The General Assembly has, however, given the commission explicit authority to promulgate rules for carrying out its duties. See Code § 65.2-201 ("The Commission shall make rules and regulations for carrying out the provisions of this title."). On appeal to this Court, the commission's interpretation of those rules "must be accorded great deference and will not be set aside unless arbitrary and capricious." Va. Real Estate Bd. v. Clay, 9 Va. App. 152, 159, 384 S.E.2d 622, 626 (1989).

Commission Rule 1.1(A) requires that a claim for benefits "shall . . . set forth . . . [the] [d]ate of accident." Humphrey, 41 Va. App. at 156, 583 S.E.2d at 69. The commission in this case held that it did not have jurisdiction to hear Hogan's claim because he did not identify the date of injury on his October 27, 2010 filing. We agree with the commission and hold that Hogan's October 27, 2010 filing was not a claim for benefits because it did not set forth the date of accident. Therefore, Hogan did not file a claim for benefits, as it is required to be set forth under Commission Rule 1.1(A), within two years of his accident.

It follows, then, that Hogan's April 11, 2011 filing, which alleged the correct date of accident, was a new claim for benefits—a claim that was filed after the statute of limitations had run. Not only was the April 8, 2011 filing made after the two-year time limitation had run, but it did not relate back to any initial claim because the first "claim" did not identify a date of injury.[3]

---

[3] We recognize that a claimant may amend his initial claim, and invoke the jurisdiction of the commission, after the statute of limitations pursuant to Code § 65.2-601 has run, but only so long as the initial claim has "alleged all essential elements of a workers' compensation claim." Hospice Choice, Inc. v. O'Quin, 42 Va. App. 598, 603, 593 S.E.2d 554, 556 (2004). That was not the case here. Furthermore, Hogan does not suggest that the initial date was a mere typographical or otherwise inconsequential error. Thus, we do not need to decide when the commission might consider an initial claim containing such types of errors to be a valid claim for purposes of subsequent amendment.

- 4 -

Accordingly, the commission considered the April 8, 2011 claim to be a new claim for benefits and held that it did not have jurisdiction to decide the compensability of it because it was filed after the time limitation in Code § 65.2-601 had run.

Therefore, giving deference to the commission's interpretation of its rule requiring that a claim for benefits set forth the date of accident, and finding it not to be arbitrary or capricious, we hold that the commission did not err in finding that Hogan's October 27, 2010 filing did not meet the requirements of a claim for benefits. Thus, his attempt to amend that claim on April 8, 2011 constituted a separate claim for benefits, unconnected to the original filing. Because the April 8, 2011 claim was filed almost six months after the statute of limitations on his claim had run, the commission properly held that it did not have jurisdiction to consider Hogan's claim for benefits.

III.

For the foregoing reasons, we affirm the decision of the full commission.

Affirmed.

McCullough, J., concurring in the judgment.

I concur in the majority's decision to affirm.  The claimant had two years under the statute of limitations to set forth the correct date of his injury.  The record supplies us with no plausible explanation for his failure to provide a correct date within two years of the purported accident.  I write separately to note, however, that although we have addressed a number of issues in connection with the statute of limitations for workers' compensation claims, we have not delineated whether and under what circumstances a claimant might be able to invoke a "relation back" theory to make a corrective amendment to a claim after the passage of the time allowed by the statute of limitations.  It may be that, under limited and appropriate circumstances, a claimant should be permitted to amend his claim after the statute of limitations deadline has passed under a "relation back" theory.  That question, however, will have to be resolved in a future case.