COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Athey and Senior Judge Haley
Argued at Fredericksburg, Virginia

PUBLISHED

INTERCEPT YOUTH SERVICES, INC. AND
 KEY RISK INSURANCE COMPANY

v.      Record No. 1537-19-4

THE ESTATE OF LIZBETH Y. LOPEZ

OPINION BY
JUDGE RANDOLPH A. BEALES
APRIL 7, 2020

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Brian J. McNamara (Scott C. Ford; Jillian M. Smaniotto; Ford
> Richardson, P.C., on briefs), for appellants.
>
> Charles W. O'Donnell (Charles W. O'Donnell, P.C., on brief), for
> appellee.


One day prior to the expiration of the statute of limitations, the Estate of Lizbeth Lopez filed a claim for benefits with the Virginia Workers' Compensation Commission (the Commission). Several months later – after the statute of limitations had expired – Intercept Youth Services, and its insurer, Key Risk Insurance Company, (collectively, "Employer") filed an employer's application for hearing. The day before the hearing, the Estate of Lopez moved to withdraw its claim for benefits. Following the hearing, the deputy commissioner granted the Estate's motion and dismissed the Estate's claims. Consequently, the deputy commissioner dismissed Employer's application for hearing, concluding that it was not timely filed, that the Commission now lacked jurisdiction to consider it, and that it was moot, given the Estate's withdrawal of its timely filed claim for benefits. The full commission affirmed the deputy commissioner's dismissal of Employer's application for hearing. Employer now appeals that decision to this Court.

I. BACKGROUND

Lizbeth Lopez worked for Intercept Youth Services, Inc. ("Intercept") in Lake Ridge, Virginia, where she acted as a counselor for at-risk youths in transition from foster care to independent living. Intercept taught these youths life skills and provided them with supervision in a residential apartment complex. On or about April 17, 2016, one of the individuals in the program, Ronald Dorsey, murdered Lopez.

On April 16, 2018, one day prior to the expiration of the statute of limitations for filing a claim before the Commission, Gladys Lopez, Lizbeth Lopez's mother, and Lopez's estate (collectively, "the Estate") filed a claim for "all benefits available in a fatal case" under the Workers' Compensation Act (the "Act"). In the petition, counsel for the Estate stated that it was filing the claim as a "protective filing only" in order to preserve the claim before the statute of limitations expired. Counsel asked the Commission not to place the case on the docket for hearing until a request was made. On April 17, 2018, counsel for the Estate filed an amended claim for benefits, which also stated that it was a "protective filing only."

On June 21, 2018, Employer sent a letter to counsel for the Estate, advising that Employer had accepted the claim as compensable under the Workers' Compensation Act and attaching a signed copy of a "Fatal Award Agreement." In the fatal award agreement, Employer offered to pay for "Burial and transportation expenses only." The Estate did not agree to the fatal award agreement.

On July 19, 2018, Employer filed with the Commission an "Employer and Insurer's Request for Hearing," pursuant to Code § 65.2-702. The request sought a determination of the "compensability of the claim; the rate of compensation; the amount of funeral expenses incurred; and the identities of any eligible dependents." The request stated that it "incorporates by reference the assertions of fact, and the documents attached to, the claimant's April 17, 2018

protective claim for benefits." The request also advocated that "[t]he fact that the claimant's claim is filed as a 'protective filing only' has no effect on the employer['s] and insurer's right to request a hearing."

On July 30, 2018, the Estate filed a letter with the Commission requesting that the matter be placed on hold until the Prince William County Circuit Court had the opportunity to rule on an "anticipated Plea in Bar" in a wrongful death action pending in that court arising out of Lopez's death. The Commission denied the motion, citing an employer's statutory right to request a hearing as well as the lack of evidence that a plea in bar had even been filed in the circuit court case.

On February 18, 2019, the day before the scheduled hearing before the deputy commissioner, the Estate moved to withdraw its previous claims for benefits. In response, also on February 18, 2019, Employer filed a letter arguing that the Estate's withdrawal of its claims should not affect the scheduled hearing because Employer's request for a hearing was a "separate and independent request" in which Employer had "realleged each and every fact alleged by the claimant . . . ."

On February 19, 2019, the parties appeared before the deputy commissioner for a hearing on the matter. The deputy commissioner stated that the Estate's withdrawal did not affect the Commission's ability to hear the claim because the hearing was being conducted on Employer's request. The hearing proceeded and the deputy commissioner heard evidence regarding Employer's contention that Lopez's death arose out of and in the course of her employment. The Estate took the opposite position that Lopez's death did not arise out of her employment and that the matter was not compensable under the Act.

On April 23, 2019, the deputy commissioner entered an opinion granting the Estate's motion to withdraw its claims for benefits and dismissing the Estate's claims – a decision that

- 3 -

neither party appealed to the full Commission. The deputy commissioner noted that the withdrawal of the claims extinguished the Estate's right to ever seek benefits under the Act for Lopez's death because the two-year period for filing a claim under Code § 65.2-601 had expired. The deputy commissioner reasoned that because the statute of limitations is jurisdictional, the Commission lacked jurisdiction to hear any claims on behalf of the Estate regarding Lopez's death. The deputy commissioner also concluded that because Employer had no potential liability under the Act given that the claims had been withdrawn and could never be refiled, the Employer's request for hearing and a determination of its rights under the Act was moot. The deputy commissioner stated, "It would be inappropriate for us to render an advisory Opinion on whether the deaths of these two women are compensable under the Act in order to address what we presume to be the employer's concern regarding the wrongful death claims pending in Circuit Court."[1] As a result, the deputy commissioner dismissed Employer's request for hearing.

Employer appealed the dismissal of its request for hearing to the full Commission, which affirmed with a unanimous opinion. Citing the Supreme Court's decision in Chalkley v. Nolde Bros. Inc., 186 Va. 900 (1947), as well as to a number of the Commission's own cases, the Commission recognized that an employer can make a request for a hearing even when an employee has not filed a claim for benefits or when an employee has filed a claim for benefits but then withdraws it without prejudice. See e.g., McKnight v. Va. Int'l Terminals, 69 O.I.C. 19, 21 (1990) ("[E]very employer who is subject to the provisions of the Virginia Workers' Compensation Act may file a claim for an award under the Act which would provide benefits accruing to the interest of the employee or to the interest of the employer."); Petty v. Duffie Graphics, Inc., 76 O.W.C. 306 (1997) (concluding employer could request a hearing after

_____

[1] The hearing before the deputy commissioner also addressed a claim filed by the estate of another Intercept employee murdered by Dorsey. That matter is not before us in this appeal.

- 4 -

claimant withdrew claim without prejudice because employer had a right to depose witnesses while the evidence was still fresh and because it was entitled to final determination on its responsibilities for the claim). While recognizing this right, the full Commission in its unanimous opinion also concluded that "in order to be timely, an employer's application [for hearing] under Code § 65.2-702 must be filed within two years of the accident." Because Employer's application for hearing was not filed within two years, the Commission found that its application was untimely.

The Commission also concluded that, because the Estate had withdrawn its claims for benefits (which it could never again refile due to the expiration of the statute of limitations) and because the employer's request for hearing was filed too late to stand on its own, there was no claim before it to consider. Thus, the Commission stated, "In this unique procedural posture, we have no jurisdiction to decide the July 19, 2018 claim." It also concluded that Employer's application for hearing was moot because it "had no actual or potential liability under the Act," given that the Estate could never again seek benefits under the Act for Lopez's death.

II. ANALYSIS

On appeal to this Court, Employer argues that the Commission erred in finding that Employer's request for hearing was not timely filed and in concluding that it lacked jurisdiction to consider the request for hearing because the Estate's withdrawal of its claims for benefits deprived the Commission of jurisdiction and rendered the matter moot.[2]

_____

[2] Employer's interrelated assignments of error state:

1. The Commission erred in finding that the Appellants' July 19, 2018 Request for Hearing was not timely filed.

2. The Commission erred in finding that the Commission had no jurisdiction to decide the Appellants' July 19, 2018 Request for hearing, on the bases that (a) the Commission erred in finding that the Appellants' July 19, 2018 Request for Hearing was not

- 5 -

In matters appealed from the Commission, this Court reviews questions of law *de novo*. Advance Auto & Indem. Ins. Co. of N. Am. v. Craft, 63 Va. App. 502, 514 (2014). However, "[t]he [C]ommission's construction of the Act is entitled to great weight on appeal." Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 702 (2012) (quoting Fairfax Cty. Sch. Bd. v. Humphrey, 41 Va. App. 147, 155 (2003)). Furthermore, in our review, "we construe the Workers' Compensation Act liberally for the benefit of employees to effectuate its remedial purpose of making injured workers whole." Advance Auto, 63 Va. App. at 514.

Code § 65.2-702(A) states, in relevant part, "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this title . . . either party may make application to the Commission for a hearing in regard to the matters at issue and for a ruling thereon." The Supreme Court and the Commission have construed this statute to mean that an employer can file an application for hearing to have the rights and liabilities of the parties decided, regardless of whether the employee has filed a claim for benefits. See, e.g., Chalkley v. Nolde Bros., 186 Va. 900 (1947); Petty, 76 O.W.C. at 308 ("There is no requirement . . . that there must be a pending claim for benefits for a hearing. It's the accident, not the claim, that triggers the employer's right to request a hearing to determine contested issues.").

On appeal to this Court, Employer does not appear to challenge the Commission's conclusion that, although an employer can file an application for hearing even when no claim for benefits has been filed, the application for hearing is still subject to the same two-year statute of limitations prescribed by Code § 65.2-601. Employer also does not dispute that its request for

timely filed; (b) the Commission erred in finding that the Appellants' July 19, 2018 Request was moot due to the estate's withdrawal of its claims after the statute of limitations had expired; and (c) the Commission erred in finding that "any opinion rendered on the [Appellants'] rights and responsibility under the Act in this matter would constitute an improper advisory opinion."

hearing was filed more than two years after the date of Lopez's death. However, Employer argues that the Commission erred in failing to conclude that Employer's request for hearing was still timely because the request for hearing either related back to the Estate's claims for benefits or the statute of limitations was tolled by the Estate's filing of the claims for benefits.

Employer argues that Chalkley requires this Court to find that Employer's request for a hearing relates back to the filing of the Estate's claim for benefits. In Chalkley, a twelve-year-old boy was injured while riding in a truck driven by an employee of Nolde, who had engaged Chalkley to assist him with deliveries. 186 Va. at 902-03. The twelve-year-old boy, Chalkley, through "his next friend," filed a civil action to recover for his injuries. Id. at 904. The jury found that Chalkley was not an employee, and he prevailed on the claim filed in circuit court. Id. at 903. After the verdict was returned but before the final judgment was entered – and within the Act's then-effective one-year statute of limitations – Nolde's attorney sent a letter to the Industrial Commission requesting a hearing to determine Nolde's "rights and status" and requesting that Chalkley and Nolde's compensation insurance carrier be made parties. Id. at 904-05. In the meantime, the Virginia Supreme Court reversed the civil award to Chalkley and, in doing so, held that Chalkley was an employee of Nolde. Id. at 906. Following the reversal, Chalkley's mother filed a claim with the Commission. The Commission denied the award, finding that Chalkley failed to file within the statute of limitations. Id. On appeal, the Virginia Supreme Court reversed. Id. at 907. It held that the employer's request for hearing could itself act as the filing of the claim, and thus concluded that a claim had been filed before the statute of limitations had run. Id. at 906.

Employer misconstrues the Supreme Court's decision in Chalkley. Employer argues that Chalkley stands for "a willingness on the parts of the appellate Courts and the Commission to determine that, provided one party timely files a claim, a claim thereafter filed by an opposing

party is timely filed if filed during the pendency of the initiating claim." In <u>Chalkley</u>, however, the Supreme Court held that the employer's application for hearing could itself serve as the claim for benefits – not that it tolled the statute of limitations so that the employee could then file a claim for benefits. Here, even assuming that Employer's request for hearing could serve as the claim for benefits because Employer actually sought benefits on the Estate's behalf by "incorporat[ing] by reference the assertions of fact, and the documents attached to, the claimant's April 17, 2018 protective claim for benefits," the Employer's request was not timely filed within the statute of limitations as it was in <u>Chalkley</u>. Therefore, after the Estate's claims were dismissed, there was no timely filed claim for the Commission to consider as there was in <u>Chalkley</u>. Accordingly, the Commission did not err in concluding that it lacked jurisdiction to consider the case. <u>See</u> <u>Barksdale v. H.O. Engen, Inc.</u>, 218 Va. 496 (1977) (stating that statute of limitations for the filing of claims under the Act "is jurisdictional and that failure to file within the prescribed time will bar a claim").[3]

Furthermore, this case is also significantly different from <u>Chalkley</u> in another vital respect. In this case, the Estate moved to withdraw its claims for benefits and that motion was granted and not appealed to the full Commission or this Court.[4] The Estate's withdrawal of its claims puts this case in a unique procedural posture. Because the statute of limitations had run and, therefore, expired when the Estate's claims were withdrawn and dismissed by the Commission, the Estate was forever barred from prosecuting a claim for Lopez's death under the Workers' Compensation Act. Consequently, Employer was not – and could not ever be – subject

---

[3] <u>Barksdale</u> was decided under Code § 65.1-87 (the predecessor to present Code § 65.2-601), which then provided a one-year statute of limitations.

[4] The full Commission's opinion states, "The Deputy Commissioner permitted the estate to withdraw its protective claims, which amounted to a dismissal with prejudice." The Commission further noted, "No party appealed that ruling." Employer does not challenge or assign error to that statement by the Commission on appeal to this Court.

to liability under the Act for Lopez's death. Thus, the Employer's request that the Commission determine the "compensability of the claim; the rate of compensation; the amount of funeral expenses incurred; and the identities of any eligible dependents" was moot, and an opinion on those matters would be advisory. See Commonwealth v. Harley, 256 Va. 216, 220 (1998) ("[C]ourts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative." (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30 (1964) (second alteration in original))). Therefore, the Commission did not err in reaching this conclusion.[5]

### III. CONCLUSION

In short, the Commission did not err in finding that it lacked jurisdiction to consider the matter because there was no timely claim for benefits still before it. While the Estate's claims for benefits were timely filed, the deputy commissioner granted the Estate's later request to

---

[5] We note that Employer has provided no persuasive authority that the Commission was required to toll the statute of limitations or to allow relation back to the original claim filed by the Estate in these circumstances. Employer argues that the Commission should have treated its request for hearing as if it were a counterclaim filed in a civil matter and applied Code § 8.01-233(B), which provides for the tolling of the applicable statute of limitations for certain counterclaims and cross-claims in civil cases. However, Employer, on brief to this Court, states, "To be sure, the Appellants plainly do not dispute that the tolling provision of Virginia Code § 8.01-233 is not applicable to the procedures of the Commission." Rather, Employer "contend[s] that the adoption of a counterclaim tolling provision in the context of Employer's Applications for Hearing would be a reasonable extension or modification of existing law." Thus, Employer recognizes that the Workers' Compensation Commission is not strictly bound by the rules of pleading and practice that apply in circuit court. See Sergio's Pizza v. Soncini, 1 Va. App. 370, 376 (1986) ("While some degree of formality or the use of standardized uniform procedures and forms may be more conducive to an orderly and expeditious process, rigid or technical rules of pleading, evidence, or practice in the conduct of hearings [before the Commission] shall not apply so long as the procedures adopted protect the substantial rights of the parties." (citing Reese v. Wampler Foods, Inc., 222 Va. 249, 255 (1981)); see also Boyd v. People, Inc., 43 Va. App. 82, 87 (2004) ("We will not set aside the commission's interpretation of its rules unless that interpretation is arbitrary and capricious."). The Commission did not err in finding that the statute of limitations was not tolled and that Employer's request for hearing did not relate back to the Estate's timely filed claims for benefits that were later withdrawn and then dismissed by the deputy commissioner.

withdraw them, and that decision was not appealed to the full Commission. After that dismissal of the Estate's claims, there was no timely filed claim before the Commission because the Employer's request for hearing was filed more than two years after the date of the accident. Because the Commission had no timely filed claim left before it, the Commission did not err in concluding that it lacked jurisdiction to hear the case.

In addition, the Commission did not err in concluding that the case was moot. When the Estate's motion to withdraw its claims for benefits was granted, the Estate was thereafter prohibited from ever seeking workers' compensation benefits arising from this tragic death. Thus, Employer could never be subject to liability under the Workers' Compensation Act for Lopez's death.[6] Therefore, there was nothing for the Commission to decide, and any opinions the Commission gave on the matter would be advisory.

For all of these reasons, we affirm the decision of the Commission finding that it lacked jurisdiction to consider the case and concluding that the Employer's request for hearing was moot.

Affirmed.

---

[6] The civil litigation filed in the Circuit Court of Prince William County is, of course, a totally separate matter from the appeal of the workers' compensation claim now before this Court.